# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**ELSTER JOSEPH PONTHIEUX (# 41909)**                                                     **PLAINTIFF**

**v.**                                                                                                 **No. 4:05CV113-M-D**

**GEORGE BENFORD**
**JOHN BEARRY**                                                                                               **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Elster Joseph Ponthieux, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has alleged in this case that the defendants have denied him dental care – and have done so in retaliation for an old case he successfully prosecuted against them under 42 U.S.C. § 1983. The court recently rejected a defense motion for summary judgment on two grounds. First, a live hearing would be necessary to measure the credibility of witnesses to determine Dr. Benford's rationale for refusing to treat the plaintiff. Second, it appeared from the evidence adduced at the time that the plaintiff endured severe dental pain for some forty days without treatment or pain medication. Since the court's initial denial of summary judgment, the plaintiff has testified in another proceeding before this court, and, in doing so, has shed more light on the severity of his pain – as well as the availability of pain medication. At the suggestion of the Magistrate Judge in this case – and upon the defendants' renewal of their motion for summary judgment – the court shall revisit that motion. For the reasons set forth below, the instant case shall be dismissed.

## Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving

party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

### The Plaintiff's Claims

The plaintiff requested treatment for a toothache on September 14, 2004. A nurse made repeated telephone calls on the plaintiff's behalf in an attempt to arrange treatment for the plaintiff. Someone in defendant Dr. Benford's office told the nurse that Dr. Benford refused to treat the plaintiff. The medical clinic refused to provide pain medication to the plaintiff in the interim. The nurse phoned the clinic on October 1, 2004, and again on October 5, 2004, seeking treatment for Ponthieux's extreme tooth pain. The medical clinic staff refused to provide treatment for the plaintiff. At that point, the nurse told the plaintiff that she could not do anything further. The plaintiff asked the nurse to contact Dr. Bearry on October 11, 2004. The nurse told the plaintiff that Dr. Bearry, after hearing about the plaintiff's predicament, refused to take action; Dr. Bearry said that Dr. Benford could not treat the plaintiff because he had sued Dr. Benford in the past. Finally, Dr. Brad Franklin extracted the two painful teeth for the plaintiff on October 26, 2004.

The plaintiff alleges that Dr. John Bearry, the director of medical services provided to Mississippi Department of Corrections inmates, and Dr. George Benford, a dentist for the

Department of Corrections, acted to deny him medical treatment for two painful teeth. It is undisputed that forty days elapsed between the plaintiff's request for treatment and the extraction of the two teeth. It is also undisputed that the plaintiff had sued the defendants previously – and that at least part of the delay in treatment arose out of the defendants' thoughts about the previous suit. The defendants claim that they believed an order in the previous case enjoined Dr. Benford from treating the plaintiff – and that the delay in treatment arose from the time required to send the plaintiff to another dentist. The plaintiff has not alleged medical malpractice regarding the removal of his painful teeth; instead, he claims that the two defendants caused him to suffer severe dental pain for over a month by delaying his treatment – and did so in retaliation for the plaintiff's previous suit against Dr. Benford.

### New Facts Brought to Light During Evidentiary Hearing and In the Renewed Motion for Summary Judgment

The plaintiff testified on October 23, 2006, at an evidentiary hearing in a related case, *Ponthieux v. Bradford*, 4:05CV256-M-D. Sworn testimony of the plaintiff and others in that case conclusively establishes an important fact at odds with the plaintiff's allegations in his complaint in the present case. In his complaint the plaintiff alleges, "Nurse Hall asked the Clinic to se[nd] me pain medication[,] but the clinic refused to send any." He also alleges that the defendants "inflicted pain and suffering [by] fail[ing] to treat [the plaintiff's] medical needs." Taken together, the plaintiff's allegations would lead a reasonable person to believe that the plaintiff received no treatment – not even pain medication – during his forty-day wait for Dr. Benford to provide dental treatment. Throughout his complaint, the plaintiff alleges that he repeatedly sought dental treatment and received no treatment whatsoever. This allegation is

demonstrably false.

While it is true that the defendants did not immediately examine and remove the plaintiff's troublesome teeth, the plaintiff failed to mention that he had access to Ibuprofen and acetaminophen upon request and, indeed, obtained Ibuprofen and used it nearly every day between the submission of his first medical request form and the extraction of the two teeth. Indeed, even after the plaintiff's teeth were extracted, the medication he received to alleviate his pain was none other than Ibuprofen – the very medication he had available upon request the entire forty-day period of which he complains.

**Denial of Medical Treatment**

The plaintiff's claims of deliberate indifference must fail. A state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id*. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

In this case, the plaintiff simply disagrees with the type of pain medication provided. Although he did not receive the pain medication he wanted during his wait for a tooth extraction, he was treated for pain during that time. He received medical treatment when he asked for it; as such, his claim for denial of medical treatment must fail.

**Retaliation**

The elements of a claim under a retaliation theory are the plaintiff's invocation of "a specific constitutional right," the defendant's intent to retaliate against the plaintiff for his or her exercise of that right, a retaliatory adverse act, and causation, *i.e.*, "but for the retaliatory motive the complained of incident . . . would not have occurred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir.1995) (citations omitted ), *cert. denied*, 516 U.S. 1084, 116 S. Ct. 800, 133 L. Ed. 2d 747 (1996).

In this case, the plaintiff must prove that he engaged in constitutionally protected activity (prosecuting a grievance and civil case against Dr. Benford), faced a consequence (denial of medical care) and that such action was taken "in an effort to chill [his] access to the courts or to punish [him]for having brought suit." *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1296 (5th Cir.), *cert. denied*, 513 U.S. 926, 115 S. Ct. 312, 130 L. Ed. 2d 275 (1994); *see also Serio v. Members of Louisiana State Board of Pardons*, 821 F.2d 1112, 1114 (5th Cir.1987). The relevant showing in such cases must be more than the prisoner's "personal belief that he is the victim of retaliation." *Edwards*, 51 F.3d at 580. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997).

The plaintiff cannot make such a showing in this case. The plaintiff did prosecute a federal lawsuit against Dr. Benford in 1992. The jury, however, returned a verdict for the defendants. *Ponthieux v. Phillips, et al.*, 4:92CV292-JAD. The parties do not dispute that an

order was entered in that case prohibiting Dr. Benford from providing dental care for the plaintiff, although no one produced a copy of that order, and the court file was sent to the Federal Records Center on August 3, 2000. The problem with the plaintiff's argument regarding retaliation is that Dr. Benford did not *prohibit* the plaintiff from seeking and obtaining dental treatment. Instead, he merely *referred* the plaintiff to another dentist for treatment. Indeed, Dr. Benford did not even *delay* the plaintiff's treatment. On September 14, 2004, *the same day he received the medical request form*, Dr. Benford referred the plaintiff to another dentist. *See* February 26, 2007, Affidavit of Dr. George Benford.

### The Plaintiff's Objection to the Magistrate Judge's Report and Recommendation in *Ponthieux v. Bradford*, 4:05CV256-M-D

The plaintiff's arguments in his response to the Magistrate Judge's Report and Recommendation in *Ponthieux v. Bradford*, 4:05CV256-M-D, are contradictory. First he states, "I am in no position to argue the Magistrate's Report and Recommendation." Then, despite his purported agreement with the Report and Recommendation, he argues that he was never aware that Ibuprofen was available upon request. He does not, however, dispute that acetaminophen was freely available, or that he obtained and used Ibuprofen during the time in question. Finally, he states, "I have no grounds to argue the Magistrate's Report and Recommendation and can only ask the Court to be lenient if sanctions are imposed."

### Conclusion

The facts as forth in this case do not support a claim of retaliation against Dr. Benford. Further, as Dr. Bearry was not a defendant in the plaintiff's 1992 suit, the plaintiff cannot state a claim against Dr. Bearry for retaliation. The plaintiff submitted a medical request form seeking

treatment of a toothache on September 14, 2004. Dr. Benford received the medical request form on September 14, 2004, and referred the plaintiff to another dentist that same day. During his wait for tooth extraction, the plaintiff (who was housed in a unit for prisoners with chronic health problems) had access to Ibuprofen and acetaminophen upon request. The plaintiff received several cards of Ibuprofen and used that medication during the time he waited for dental treatment. Another dentist extracted two of the plaintiff's teeth on October 26, 2004. After the extraction, the plaintiff received additional Ibuprofen to alleviate his pain. This set of facts does not state a constitutional claim and must be dismissed. In addition, the plaintiff's less than candid complaint, which did not mention the plaintiff's access to painkillers during the time in question, stands as a separate ground supporting dismissal. In his response to the Magistrate Judge's Report and Recommendation in a related case, the plaintiff has conceded that his pleadings in he instant case were, at a minimum, disingenuous. For these reasons, the instant case shall be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 28th day of February, 2007.

                                                   **/s/ Michael P. Mills**
                                                   **UNITED STATES DISTRICT JUDGE**